**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SEAN WILLIAMS,**

                                                   **Plaintiff,**

    **vs.**                                                                          **9:10-cv-245**
                                                                                        **(MAD/GHL)**

**E. RAIMO, Correctional Officer, Great Meadow**
**Correctional Facility; J. SMITH, Correctional**
**Officer, Great Meadow Correctional Facility; T.**
**VEDDER, Correctional Sergeant, Great Meadow**
**Correctional Facility; and J. OLIVER, Nurse,**
**Great Meadow Correctional Facility,**

                                                   **Defendants.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

**SEAN WILLIAMS**
**02-A-0508**
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                       **ROGER W. KINSEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

      Plaintiff _pro se_, an inmate in the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42

U.S.C. § 1983, alleging that Defendants Raimo, Smith, and Vedder used excessive force in

violation of his constitutional rights.  _See_ Dkt. No. 1.  Plaintiff also alleges that Defendant Vedder

failed to stop Defendants Raimo and Smith from using excessive force.  Plaintiff further claims that Defendant Oliver was deliberately indifferent to his serious medical needs.

On September 30, 2010, Defendant Oliver filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 31.  Plaintiff opposed the motion and filed a cross-motion for summary judgment.  *See* Dkt. Nos. 34, 43.

In a Report-Recommendation and Order dated July 22, 2011, Magistrate Judge Lowe recommended that the Court grant Defendant Oliver's motion for summary judgment with respect to Plaintiff's claim that Defendant Oliver acted with deliberate indifference on the day following the incident (August 23, 2009), but deny the motion in all other respects.  Magistrate Judge Lowe further recommended that the Court deny Plaintiff's motion for summary judgment.  Currently before the Court are Plaintiff's objections to Magistrate Judge Lowe's July 22, 2011 Report-Recommendation and Order.

## II. BACKGROUND

### A.    Factual Background

In his complaint, Plaintiff alleges that, on August 22, 2009 during an altercation with another inmate, Defendants Smith and Raimo "pulled" him from the cell and "slammed [him] to the tier," at which point he was punched and handcuffed.  *See* Dkt. No. 1 at ¶¶ 2-3.  Once handcuffed, Defendants Smith and Raimo allegedly kicked Plaintiff while he was on the ground, and "hurled racial slurs" at him.  *See id.* at ¶ 3.  After several minutes, Defendants Smith and Raimo pulled Plaintiff to his feet and slammed him into the gates at the front of the cell.  *See id.* at ¶ 4.  Defendant Smith punched Plaintiff in his shoulder, arm, and back.  *See id.*  Defendant Raimo then kneed Plaintiff, punched his right leg, and pushed his head "into the bars."  *See id.* at

¶ 5.  Defendant Vedder, who was located behind Plaintiff at the time, failed to stop the attack and allegedly hit Plaintiff in the head and back.  *See id.* at ¶ 6.

After "several minutes," Plaintiff was escorted to the infirmary.  *See id.* at ¶ 7.  While at the infirmary, Defendant Oliver interviewed Plaintiff and "failed to adequately service [the] Plaintiff."  *See id.* at ¶ 8.  Plaintiff alleges that he was not provided with any medication for the swelling and pain.  *See id.*  Plaintiff requested an "emergency sick call" the next morning, but Defendant Oliver refused his request.  *See id.* at ¶ 9.

Plaintiff claims that Defendant Oliver was deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights, because she failed to provide him with adequate medical attention on both the day of the incident and the day after.  Plaintiff further alleges that, as a result of Defendants Raimo, Smith, and Vedder's actions, he experienced "severe pain . . . and swelling" of the leg, knee, and shoulder.  Plaintiff also claims that Defendant Oliver's failure to assist with these injuries led to prolonged pain and swelling.  *See id.*

Defendant Oliver moved for summary judgment, arguing that Plaintiff cannot prevail on his deliberate indifference claim because (1) Plaintiff did not have a serious medical need and (2) Defendant Oliver was not indifferent towards any such serious medical need.  *See* Dkt. No. 31-1.  Furthermore, Defendant Oliver argues that she is entitled to qualified immunity.  *See id.*  Plaintiff cross moved for summary judgment as to all of his claims.  *See* Dkt. Nos. 34-1, 34-2, 34-3, 43.

**B.      Magistrate Judge Lowe's Report-Recommendation and Order**

In his Report-Recommendation and Order, Magistrate Judge Lowe granted Defendant Oliver's motion for summary judgment with respect to Plaintiff's claim that Defendant Oliver acted with deliberate indifference on the day following the incident, but denied the motion in all

other respects. *See* Dkt. No. 50 at 16. Magistrate Judge Lowe noted that, since Plaintiff only

showed "slight" swelling . . . and no ice or medications were ordered on the day after he was

refused medical treatment, no substantial harm was caused by the delay. *See* Dkt. No. 50 at 10.

Therefore, Magistrate Judge Lowe recommended that the Court grant Defendant Oliver's motion

for summary judgment with respect to Plaintiff's deliberate indifference claim as to the day after

the incident.

Next, Magistrate Judge Lowe found that genuine issues of material fact were raised as to

the existence of Plaintiff's alleged "serious medical need" and as to Defendant Oliver's alleged

disregard of Plaintiff's serious medical need. *See id.* at 7-9. Magistrate Judge Lowe found that

Defendant Oliver's notes demonstrate that Plaintiff's left shoulder showed swelling, bruising, and

limited range-of-motion, his right knee showed swelling and limited range-of-motion, his right

wrist showed limited range-of-motion, and he was experiencing "head pain." *See id.* at 6.

Further, Magistrate Judge Lowe found that Plaintiff asserts that he was not given any medicine

for his pain and swelling. *See id.* Additionally, Plaintiff points to the video recording of the

initial patient interview that Defendant Oliver conducted which shows that no ice or medication

was distributed, for support that Defendant Oliver did not treat him. *See id.* at 9. Although

Magistrate Judge Lowe found it plausible that "Defendant Oliver might have provided Plaintiff

with ice and medication after she conducted her video-taped examination of him," absent a record

of this he determined that a genuine issue of material fact was raised as to whether Defendant

Oliver disregarded Plaintiff's serious medical need. *See id.* Therefore, Magistrate Judge Lowe

recommended that the Court find that questions of fact exist with respect to Plaintiff's serious

medical need and with respect to Defendants' alleged indifference on the day of the incident.

Finally, Magistrate Judge Lowe recommended that the Court deny Defendant Oliver's motion for

summary judgment on qualified immunity grounds, and deny Plaintiff's cross-motion for summary judgment.

**C.      Plaintiff's Objections to Magistrate Judge Lowe's Report-Recommendation and Order**

        In his objections to Magistrate Judge Lowe's Report-Recommendation and Order, Plaintiff puts forth the following three arguments: (1) that Defendant Oliver's actions and intentions on August 23, 2009 are relevant to his deliberate indifference claim; (2) that Defendant Oliver's deliberate indifference on August 23, 2009 caused him substantial mental and emotional harm; and (3) that Defendant Oliver deliberately allowed him to experience "severe pain" for two days. *See* Dkt. No. 51 at 1-2.  Moreover, Plaintiff asserts that he has suffered emotional distress "by the hands of all the Defendants who failed to act accordingly," and that the continued litigation "mentally distresses" him. *See id.* at 1.

# III. DISCUSSION

**A.      Standard of Review**

        When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).  In contrast, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that were originally] presented to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933856, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  Upon completion of the applicable

review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(c).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law.  *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'"  *Id.* at 36-37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.  *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted).  Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions.  *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct.

594, 30 L. Ed. 2d 652 (1972)) (other citations omitted).  The Second Circuit has opined that the

court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently

forfeiting legal rights merely because they lack a legal education.  *Govan v. Campbell*, 289 F.

Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

However, this does not mean that a *pro se* litigant is excused from following the procedural

requirements of summary judgment.  *Id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001

WL 527484, at *2 (S.D.N.Y. May 16, 2001)).  Specifically, "a *pro se* party's 'bald assertion,'

completely unsupported by evidence" is not sufficient to overcome a motion for summary

judgment.  *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Carey v. Crescenzi*,

923 F.2d 18, 21 (2d Cir. 1991)).

## B.    Deliberate Indifference to a Serious Medical Need

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual

punishment."  U.S. Const. amend. VIII.  This prohibition includes any "unnecessary and wanton

infliction of pain" on those who have been convicted of crimes.  *Hathaway v. Coughlin*, 37 F.3d

63, 66 (2d Cir. 1994) (citations omitted).  Nevertheless, the United States Supreme Court has

recognized that not "every injury" a prisoner suffers "translates into constitutional liability for

prison officials."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In order to establish a claim for unconstitutional denial of medical care, "a prisoner must

prove 'deliberate indifference to [his] serious medical needs.'"  *Hathaway*, 37 F.3d at 66 (quoting

*Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976)).  This standard

requires proof of both an objective and subjective element.

First, the prisoner must demonstrate that his alleged deprivation was of a "sufficiently

serious" nature.  *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  This can be shown by

proving "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990).  Courts have also considered factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) 'the existence of chronic and substantial pain.'" *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Second, a prisoner must show that "the prison official knew of and disregarded his serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  It is not enough to merely disagree over the proper course of treatment.  *See Chance*, 143 F.3d at 703.  Rather, a prisoner must demonstrate that the prison official acted intentionally, for example, by "intentionally denying or delaying access to medical care or intentionally interfering with . . . treatment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

### 1.  *Objective Element*

Plaintiff did not object to, nor does the Court find error with, Magistrate Judge Lowe's determination that Plaintiff has raised a genuine issue of material fact as to "whether his alleged 'severe pain' and injuries, in combination, constituted a serious medical need." *See* Dkt. No. 50 at 7.  Magistrate Judge Lowe stated that based upon Defendant Oliver's notes, Plaintiff's left anterior shoulder, right knee, and right wrist showed signs of injury. *See* Dkt. No. 50 at 6.  A

subsequent MRI performed on Plaintiff's right knee showed a "discoid lateral meniscus."[1]  *See*

Dkt. No. 50 at 6-7.  Plaintiff also complained of "head pain."  *See* Dkt. No 50 at 6.

After reviewing all of the evidence, the Court finds that Magistrate Judge Lowe correctly

determined that Plaintiff raised a genuine issue of material fact "as to whether his alleged 'severe

pain' and injuries, in combination, constituted a serious medical need."  *See* Dkt. No. 50 at 7; *see*

*also Benjamin v. Galeno*, 415 F. Supp. 2d 254, 259 (S.D.N.Y. 2005) (noting that an individual

who alleges that he is in extreme pain "is certainly qualified to testify to that fact," and such an

allegation "effectively raise[s] a disputed issue of fact").

### 2.  *Subjective Element*

While Plaintiff did provide sufficient evidence to raise a genuine issue of material fact as

to the objective element of this claim, the Court finds that Magistrate Judge Lowe correctly

determined that there is no genuine issue of material fact regarding whether Defendant Oliver was

deliberately indifferent to Plaintiff's serious medical need on the day following the incident.[2]

While evidence that a prisoner's medical care was delayed can provide support for a claim

of deliberate indifference, "a prisoner's Eighth Amendment rights are violated only where 'the

delay reflects deliberate indifference to a serious risk of health or safety, to a life-threatening or

fast-degenerating condition or to some other condition of extreme pain that [requires] reasonably

---

[1] According to *Dorland's Illustrated Medical Dictionary*, a "discoid lateral meniscus is a
semilunar lateral meniscus of the knee that has been transformed into a thickened, irregular
discoid mass as a result of excess motion of the meniscus, which in turn results from congenital
absence of attachment of the posterior horn of the meniscus to the tibial plateau.  The excess
motion also causes a clicking sound on flexion and extension of the knee."  *See* Dkt. No. 50 at 7.

[2] The Court has reviewed Magistrate Judge Lowe's determination that genuine issues of material
fact exist as to whether Defendant Oliver disregarded Plaintiff's serious medical need on the day
of the incident, August 22, 2009, and the Court agrees with that determination.  Plaintiff's
objections in relation to his deliberate indifference claim relate only to the day after the incident.

prompt treatment.'" *Evans v. Manos*, 336 F. Supp. 2d 255, 262 (W.D.N.Y. 2004) (quotation and other citation omitted).  Furthermore, this delay in medical care does not amount to a constitutional claim "unless the delay cause[d] substantial harm."  *Id.* (citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)) (holding that an "inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed" (other citations omitted)).

Here, the record does not indicate that Plaintiff was substantially harmed by not seeing medical personnel on the day after the incident.  Moreover, the record makes clear that Plaintiff was taken to see medical personnel on the following day, August 24, 2009, at which time his right knee "showed only 'slight' swelling and no ice or medications were ordered."  *See* Dkt. No. 50 at 9.  Citing to *Croft v. Hampton*, Magistrate Judge Lowe determined that Plaintiff failed to provide any evidence to suggest that he was substantially harmed from the one-day delay in treatment; and, therefore, his claim for deliberate indifference must fail.  *See Croft v. Hampton*, No. 06-3838, 2008 WL 2744332, *4-5 (8th Cir. July 15, 2008) (holding that delaying treatment of a prisoner's injuries from the weekend to the next business day does not constitute deliberate indifference where the prisoner "submitted no medical evidence showing any negative effect of the delay").

As Magistrate Judge Lowe correctly concluded, viewing the facts in the light most favorable to Plaintiff, Defendant Oliver's conduct on August 23, 2009 does not rise to the level of deliberate indifference.

**C.**     **Intentional Infliction of Emotional Distress**

Plaintiff argues that he has suffered "[e]motional distress by the hands of all the Defendants who failed to act accordingly," which "force[d]" him to litigate their actions. *See* Dkt. No. 1.  Additionally, Plaintiff argues that Defendant Oliver's alleged deliberate indifference caused him substantial mental and emotional harm. *See* Dkt. No. 51.

Under New York law, a Plaintiff asserting a cause of action for intentional infliction of emotional distress "must demonstrate the following elements: '(i) extreme and outrageous conduct, (ii) an intent to cause . . . severe emotional distress, (iii) a causal connection between the conduct and the injury, and (iv) the resultant severe emotional distress.'" *Allam v. Meyers*, No. 09 CV 10580, 2011 WL 721648, *6 (S.D.N.Y. Feb. 24, 2011) (quotation and other citations omitted).  Intentional infliction of emotional distress claims are "highly disfavored . . . under New York law" and it is rare for such claims to "survive dispositive motions." *Hallgren v. Bell Atlantic Corp.*, No. 99 CV 11937, 2000 WL 726496, *3 (S.D.N.Y. May 30, 2000).  In order to satisfy the requisite "extreme and outrageous" element, the alleged conduct "must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Allam v. Meyers*, No. 09 CV 10580, 2011 WL 721648, *6 (S.D.N.Y. Feb. 24, 2011) (quoting *Martin v. Citibank, N.A.*, 762 F.2d 212, 220 (2d Cir. 1985)) (other citations omitted).

Here, Plaintiff has failed to meet this burden.  Plaintiff's choice to initiate a lawsuit and the resulting stress associated with the dispute does not entitle him to recover under the theory of intentionally inflicted emotional distress. *See Associates First Capital v. Crabill*, 51 A.D.3d 1186, 1188-89 (3d Dep't 2008) (noting that threats, misrepresentations, and stress resulting from the defendant's ongoing lawsuit were not enough to "meet the 'rigorous . . . and difficult to

satisfy' requirements for a viable cause of action for intentional infliction of emotional distress" (citations omitted)). As such, although not discussed in the Report-Recommendation and Order, the Court finds that Plaintiff's intentional infliction of emotional distress cause of action must be dismissed.

**D.     Defendant's Qualified Immunity Claim**

Plaintiff did not object to, nor does the Court find error with, Magistrate Judge Lowe's recommendation that Defendant Oliver's motion for summary judgment on qualified immunity grounds should be denied. *See* Dkt. 50 at 12. Magistrate Judge Lowe correctly determined that genuine issues of material fact exist as to Plaintiff's alleged serious medical need and as to Defendant Oliver's alleged disregard of that need, making summary judgment for Defendant Oliver inappropriate. *See* Dkt. 50 at 12.

## IV. CONCLUSION

After carefully considering Magistrate Judge Lowe's Report-Recommendation and Order, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lowe's July 22, 2011 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's claim of intentional infliction of emotional distress is **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's motion to withdraw his objections to Magistrate Judge Lowe's July 22, 2011 Report-Recommendation and Order (Dkt. No. 53) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this

Memorandum-Decision and Order in accordance with the Local Rules.

 **IT IS SO ORDERED.**

Dated:  December 2, 2011
            Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

13